IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CREDIT TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LISA ANDREWS, by and through her attorneys, FORTAS LAW GROUP, LLC., and for her complaint against the Defendant, CREDIT TECHNOLOGIES, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2.  Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

1

### III. PARTIES

4. LISA ANDREWS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Atlanta, County of Fulton, State of Georgia.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. CREDIT TECHNOLOGIES, INC., (hereinafter, "Defendant") is a business entity that conducts business within the State of Georgia. Defendant is incorporated in the State of Michigan.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff have a personal credit account with Defendant.

10. At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff owe a debt to Defendant.

11.     At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff have a personal business relationship with Defendant.

12.     At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff apply for services from Defendant, such as an extension of credit.

13.     At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff apply for services from Defendant, such as the issuance of insurance.

14.     At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff apply for an employment position with Defendant.

15.     At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff hold any accounts with Defendant.

16.     Given the facts delineated above, from on or prior to January 26, 2011 through on or about May 23, 2012, Defendant had no information in its possession to suggest that Plaintiff owed a debt to Defendant.

17.     Given the facts delineated above, from on or prior to January 26, 2011 through on or about May 23, 2012, Defendant had no information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

18. Given the facts delineated above, from on or prior to January 26, 2011 through on or about May 23, 2012, Defendant had no personal business relationship with Defendant.

19. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from the "consumer reporting agency" Experian, as that term is defined by 15 U.S.C. §1681a(f) on:

      a. January 30, 2011;

      b. January 26, 2012;

      c. February 28, 2012;

      d. March 4, 2012;

      e. Marcy 15, 2012;

      f. May 7, 2012;

      g. May 16, 2012; and,

      h. May 23, 2012.

20. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from the "consumer reporting agency" Equifax, as that term is defined by 15 U.S.C. §1681a(f) on:

      a. January 30, 2011;

      b. January 26, 2012;

  c. February 27, 2012;

  d. March 4, 2012;

  e. March 14, 2012;

  f. May 7, 2012; and,

  g. May 14, 2012.

21. Despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from the "consumer reporting agency" TransUnion, as that term is defined by 15 U.S.C. §1681a(f) on:

  a. January 30, 2011;

  b. January 26, 2012;

  c. March 4, 2012;

  d. May 7, 2012; and,

  e. May 16, 2012.

22. At no time on or prior to January 26, 2011 through on or about May 23, 2012, did Plaintiff consent to Defendant accessing her individual and personal credit reports.

23. On multiple occasions from January 26, 2011 through on or about May 23, 2012, despite being cognizant of the facts as delineated above, Defendant

accessed Plaintiff's individual and personal credit reports without a legitimate business reason to do so.

24. On multiple occasions from January 26, 2011 through on or about May 23, 2012, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports impermissibly.

25. On multiple occasions from January 26, 2011 through on or about May 23, 2012, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports without first informing Plaintiff of its intent to do so.

26. On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant reviewed Plaintiff's private information.

27. On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

28. On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal

credit reports, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

29.   On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

30.   On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Plaintiff's private financial information was published to Defendant.

31.   On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

32.   On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained personal information about Plaintiff, such as her current address.

33.   On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal

credit reports, Defendant impermissibly obtained personal information about Plaintiff, such as her past addresses.

34. On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained personal information about Plaintiff, such as her date of birth.

35. On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained personal information about Plaintiff, such as her employment history.

36. On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained personal information about Plaintiff, such as her telephone number(s).

37. On multiple occasions from January 26, 2011 through on or about May 23, 2012, at the time Defendant accessed Plaintiff's individual and personal credit reports, Plaintiff's personal information, as delineated above, was published to Defendant.

38. Defendant's access of Plaintiff's credit report will continue to be displayed on Plaintiff's credit report for two (2) years subsequent to the dates on which Defendant accessed Plaintiff's individual and personal credit reports, as delineated above.

39. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b.

40. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information, on multiple occasions, and an injury to her credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

### V.   JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LISA ANDREWS, by and through her attorneys, respectfully prays for judgment as follows:

      a.   All actual compensatory damages suffered;

  b.  Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

  c.  Punitive damages;

  d.  Plaintiff's attorneys' fees and costs; and,

  e.  Any other relief deemed appropriate by this Honorable Court.

            Respectfully submitted,
            **LISA ANDREWS**


          By: s/ Scott Fortas_____
            Attorney for Plaintiff

Dated: December 5, 2012

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1936 N. Druid Hills Rd., Suite 100B
Atlanta GA 30319
Telephone:(404) 315-9936
Facsimile: (404) 636-5418
E-Mail: sfortas@fortaslaw.com